**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

BAWLO FAWZY,

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-07283-JLT-HBK

A-Number: 203-731-464

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING RESPONENTS' MOTION TO DISMISS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 6)

Bawlo Fawzy is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Egypt. (Doc. 6-1 at 2.) Petitioner first entered the United States on or about November 29, 2018, on a valid B-2 visa with permission to remain in the United States until May 28, 2019. (*Id.*) Petitioner remained in the United States without permission of the Department of Homeland Security ("DHS"). (*Id.*) On July 1, 2019, Petitioner filed an application

for asylum, which remains pending. (*Id.*) Petitioner's employer authorization expired on October 4, 2024, with renewal on hold due to the United States Citizenship and Immigration Services' request for more information regarding Petitioner's criminal record. (*Id.*) Petitioner has the following criminal record: arrested on May 20, 2022, for carrying a concealed weapon (disposition: noelle prosequi/time served); arrested on December 30, 2024, for driving with a suspended license and possession of marijuana (disposition: adjudication withheld on both counts); arrested on February 4, 2025, for driving with a suspended license (disposition: fine); arrested on March 9, 2026, for unlawful use of a temporary tag (disposition: adjudication withheld). (*See* FBI "RAP" Sheet, Doc. 6-4.)

On March 9, 2026, ICE became aware of Petitioner following his flight from a traffic stop conducted by local law enforcement. (Doc. 6-1 at 3.) Petitioner was transferred to immigration custody from state custody on March 10, 2026, following the placement of an immigration detainer. (*Id.*) Following his transfer to immigration custody, Petitioner was issued a Notice to Appear charging him as removable under INA § 237(a)(1)(B), codified in 8 U.S.C. § 1227(a)(1)(B), as a nonimmigrant under Section 101(a)(15) who remained in the United States for a time longer than permitted. (Doc. 6-2.) Petitioner requested that his custody status be reviewed by an IJ and a bond hearing was held on April 20, 2026. (Doc. 6-3.) At the hearing, Petitioner withdrew his bond request, and nothing in the record indicates a renewed request by Petitioner for a bond hearing. (*Id.*) Petitioner is currently detained at Central Valley Annex Detention Facility in McFarland, California. (Doc. 1 at 1.)

On September 10, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* Doc. 1 at 6.) On October 8, 2026, Respondents filed an answer to the habeas petition, asserting that Petitioner is properly detained under 8 U.S.C. § 1226(a) after overstaying his nonimmigrant visa and that he failed to exhaust his administrative remedies by not requesting a bond hearing before the immigration court. (*See* Doc. 6.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every

individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

### A. Exhaustion

In their response, Respondents contend that because Petitioner was admitted to the United States, he is subject to 8 U.S.C. § 1226(a) and would be entitled to a bond hearing. (Doc. 6 at 2.) Respondents argue that Petitioner failed to exhaust his administrative remedies before bringing this action because Petitioner withdrew his request for a bond hearing and has not filed a renewed request (*Id.* at 4.) 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). In this case, the Court finds that the pursuit of administrative remedies would be both a futile gesture and result in irreparable harm. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion because of irreparable harm resulting from prolonging the petitioner's already lengthy detention). As such, the Court waives the prudential exhaustion requirement.

**B. Remedy**

Petitioner is currently charged as removable under 8 U.S.C. § 1227(a)(1)(B) which states: "Any alien . . . whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant) has been revoked under section 1201(i) of this title, is deportable." As such, Petitioner is currently in removal proceedings and her detention is governed by 8 U.S.C. § 1226(a), as Respondents concede in their opposition. (*See* Doc. 6 at 2.) Under § 1226(a), "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—(1) may continue to detain the arrested alien; and (2) may release the alien on—(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole." 8 U.S.C. § 1226(a)(1)–(2).

Although Respondents did not provide copies of the relevant Form I-200 Administrative Warrant and Notice to Appear, the Court infers from Respondents' argument that the Government has already made an initial custody determination pursuant to 8 C.F.R. § 1236.1(b)(1) to detain the Petitioner pending an outcome of his removal proceedings. (Doc. 6 at 5) (citing 8 U.S.C. § 1226(a) for the proposition that an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.) 8 C.F.R. § 1236.1(b)(1) provides: "In general. At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [petitioner] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1). On habeas grounds, Petitioner now seeks immediate release. (*See* Doc. 1 at 7.) However, given that Petitioner overstayed his visa, Petitioner is entitled only to the relief afforded by applicable regulations.

As this Court previously explained:

> [Section] 1226(a) establishes a discretionary detention framework where the immigration officer first determines whether to detain or release the non-citizen while their immigration case is ongoing. 8 U.S.C. § 1226(a); *Otilio B.F.* [*v. Andrews*], 809 F. Supp. 3d [1038,] [] 1048–49 (citations and quotations omitted). After that decision has

> been made, the non-citizen may request a bond hearing before an IJ. 8 C.F.R. § 1236.1[ ](d)(1). At that bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the [Immigration Judge] . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

*Quinteros Cornejo v. Andrews, et al.*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026). As such, the Court finds that Petitioner is entitled to a custody redetermination before an Immigration Judge under 8 C.F.R. § 1236.1(d)(1). As such, the Court grants Petitioner's habeas petition to the extent he requests, and is entitled to, a custody redetermination before an IJ. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d)(1) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and a flight risk if not detained.

3. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. If Petitioner is released on bond, Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[1]

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing

7. The Clerk of Court is directed to serve Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

8. The Clerk of Court is directed to **CLOSE** this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: October 24, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

---

consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.